Filed 4/14/15  P. v. Allen CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>HILLERY D. ALLEN,<br><br>      Defendant and Appellant. | D066401<br><br><br> (Super. Ct. Nos. SCD135889, SCD129108) |

APPEAL from an order of the Superior Court of San Diego County, David J.

Danielsen, Judge.  Affirmed.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.

PROCEDURAL BACKGROUND

In August 1997, in Case No. SCD129108, Hillery Darnell Allen entered a

negotiated guilty plea to battery with serious bodily injury (Pen. Code,[1] § 243, subd. (d))

_____

[1]      Further statutory references are to the Penal Code.

and admitted having suffered a prior serious felony conviction (§ 667, subd. (a)) based on a 1991 Illinois conviction of burglary of an inhabited dwelling. The court dismissed a strike (§ 667, subds. (b)-(i)) based on the same Illinois conviction and placed Allen on probation. The court later revoked probation.

In September 1998, in Case No. SCD135889, Allen was found guilty of robbery (§ 211) in a court trial. Allen admitted he had prior convictions in the Illinois case and in Case No. SCD129108 and, based on those convictions, the court found he had two serious felony priors and two strikes. In October, the court declined to dismiss the strikes and sentenced Allen to prison for 25 years to life for robbery, five years for each serious felony prior and a concurrent four-year middle term for battery with serious bodily injury (Case No. SCD129108). In November 1999, this court affirmed the judgment in Case No. SCD135889 (*People v. Allen* (Nov. 29, 1999, D032264) [nonpub. opn.].). We take judicial notice of the opinion in that appeal.

In January and December 2011, the trial court denied Allen's motions for modification of the restitution fines imposed as part of his sentence in both trial court cases. In June 2012, the court denied Allen's petition for writ of error coram nobis and motion for modification of sentence which again sought modification of the restitution fines in both cases. In February 2014, the court summarily denied Allen's petition for resentencing pursuant to section 1170.126 (Proposition 36). In June, Allen filed a renewed petition for resentencing pursuant to section 1170.126. In July, the court summarily denied the renewed petition. Allen appeals the July order. We affirm.

2

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).

We granted Allen permission to file a brief on his own behalf. He has filed a supplemental brief in which he contends his Illinois conviction did not qualify as a strike and the California court violated his constitutional rights by denying him a hearing regarding dismissal of the strike. Allen seeks specific performance of the 1991 plea agreement underlying the Illinois prior conviction. He also challenges his robbery conviction, arguing there was no evidence of the required specific intent, so the conviction should have been reduced to one for theft.

In Case No. SCD135889, Allen admitted having suffered the Illinois conviction and the conviction in Case No. SCD129108 which formed the basis for the strikes. The trial court held a hearing on his request to dismiss one of his strikes and denied the request. (*People v. Allen*, *supra*, D032264, at pp. 10-11.) This court concluded the denial was not an abuse of discretion. (*Id*. at pp. 12-13). In Case No. SCD135889, the trial court declined to find Allen guilty of grand theft person as a lesser included offense of robbery, noting the force and fear element required for robbery was present. In *People v. Allen*, *supra*, this court rejected Allen's contention there was no evidence of force or fear and therefore the evidence was insufficient to convict him of robbery. (*Id*. at pp. 3-7.) Thus, in *People v. Allen*, *supra*, Allen had a full opportunity to challenge

3

his robbery conviction and the validity of his strikes and did in fact do so. He may not now challenge the orders and findings regarding the strikes or the sufficiency of the evidence to support the robbery conviction. (*People v. Senior* (1995) 33 Cal.App.4th 531, 535-538.) Although Allen's argument regarding specific performance is not completely clear, it is clear that we do not have the authority to order specific performance of the 1991 Illinois plea agreement.

A review of the record pursuant to *Wende* and *Anders* has disclosed no reasonably arguable appellate issues. Allen has been competently represented by appellate counsel.

DISPOSITION

The order is affirmed.


HALLER, J.

WE CONCUR:


NARES, Acting P. J.


McINTYRE, J.

4